**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

SHIRLEY TOLBERT,                    :

       Plaintiff,                    :

vs.                                                :          CA 06-0864-C

K-MART, et al.,                        :

       Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

This cause is before the Court on plaintiff's motion to remand (Doc. 5),

K-Mart's response (Doc. 9), and the parties' joint stipulation regarding the

motion to remand (Doc. 16). The parties have consented to the exercise of

jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all

proceedings in this case, including disposition of the remand motion. (Doc. 7

("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the

parties in this case consent to have a United States magistrate judge conduct

any and all proceedings in this case, including the trial, order the entry of a

final judgment, and conduct all post-judgment proceedings."); *see also* Doc.

11 (order of reference)) Upon consideration of the contents of the foregoing

pleadings, the Court **GRANTS** plaintiff's motion to remand and hereby

**REMANDS** this  case to the Circuit Court of Mobile County, Alabama from

whence it came.

## FINDINGS OF FACT

1.     Plaintiff filed a two-count complaint against K-Mart, Sears Roebuck & Co., and numerous fictitious parties in the Circuit Court of Mobile County, Alabama arising out of her November 28, 2004 trip and fall at Sears Essentials, a store located at 3122 Schillinger Road in Mobile, Alabama. (Doc. 1, Exhibit A, COMPLAINT)

2.     Defendant K-Mart removed the action to this Court on December 20, 2006, arguing in its removal petition that this Court may exercise diversity jurisdiction. (Doc.1)

3.     Plaintiff filed a motion to remand on January 22, 2007 (Doc. 5); defendant K-Mart filed its response on February 14, 2007 (Doc. 9). Oral argument was conducted in this case on January 22, 2007. (*See* Docs. 6, 12 & 13)

4.     On March 7, 2007, the filed parties filed a joint stipulation regarding the motion to remand. (Doc. 16)

> **COME NOW** the parties, by and through their counsel of record, and respectfully advise the Court that the parties have agreed and stipulated that the damages sought by the plaintiff in this case shall not exceed $75,000.00, and that the case is due to be remanded to the Circuit Court of Mobile County, as it no longer meets the minimum amount in controversy for

jurisdiction in federal court based on diversity jurisdiction.

(*Id.*)

## CONCLUSIONS OF LAW

1.     Federal courts are courts of limited jurisdiction and, as such, may exercise diversity jurisdiction only over those civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

2.     It is the general rule in this circuit that if a district court has subject matter jurisdiction over a diversity action at the time of removal subsequent actions do not divest the court of its jurisdiction over the action. *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-1291 (11th Cir. 2000); *see also Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("If jurisdiction was proper at [the] date [of removal], subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."); *see Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 n.15 (11th Cir. 1996) ("'[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached[.]'"), *abrogated on other grounds,*

*Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). However, district courts in the Eleventh Circuit characterize a post-removal amount-in-controversy stipulation as a clarification permitted by *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), rather than an amendment or post-removal action forbidden by the Supreme Court in *St. Paul. See Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F.Supp.2d 1299, 1301 (M.D.Ala. 2001) ("Initially, the court stresses that *St. Paul* did not hold that post-removal stipulations are unallowable *per se*. . . . A crucial fact in both *St. Paul* and *Kanouse* is that the plaintiffs acknowledged that their complaints triggered the amount in controversy at the moment of removal. In this case, on the other hand, Plaintiffs have submitted affidavits bearing on their initial demand and showing that federal jurisdiction has never properly attached. . . . There is a difference, of course, between a court's choice to divest itself of jurisdiction and its finding that it lacks jurisdiction. No controlling precedent requires the court to retain jurisdiction despite Plaintiff's explicit assurance that his Complaint proves that he 'does not desire to try his case in the federal court.'"); *Moss v. Voyager Ins. Cos.*, 43 F.Supp.2d 1298, 1303 (M.D. Ala. 1999) ("[T]he court finds that Plaintiff's Stipulation clarifies the Complaint by identifying that the amount in controversy will not be in excess of $75,000. In

so doing, 'the court is still examining the jurisdictional facts as of the time the case is removed, but the court is considering information submitted after removal.' . . . Accordingly, the court finds that Plaintiff's Stipulation may be considered in deciding whether to remand Plaintiff's case."); *cf. Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen*, that 'under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.'"). In light of the parties' amount-in-controversy stipulation in the present case (Doc. 18), the Court finds diversity jurisdiction lacking. Accordingly, this case is **REMANDED** to the Circuit Court of Mobile County, Alabama.[1]

### CONCLUSION

Plaintiff's motion to remand this case to the Circuit Court of Mobile

---

[1]    While this Court has no reason to call into question the integrity of plaintiff's damages stipulation, should plaintiff disregard her demand "and pursue or accept damages in excess of $75,000, then upon motion by opposing counsel, sanctions will be swift in coming and painful upon arrival." *Brooks, supra,* 153 F.Supp.2d at 1302 (citation omitted).

County, Alabama (Doc. 5) is **GRANTED**.

**DONE** and **ORDERED** this the 8th day of March, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**